THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
DARRYL ALLEN, Defendant-Appellant.

Third District   No. 3—83—0255

Opinion filed February 10, 1984.

Robert Agostinelli and Sue Augustus, both of State Appellate Defender's Office, of Ottawa, for appellant.

Edward F. Petka, State's Attorney, of Joliet (John X. Breslin and Terry A. Mertel, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

PRESIDING JUSTICE STOUDER delivered the opinion of the court:

The defendant was convicted on 18 counts of armed robbery. The charges stemmed from the robbery of 18 individuals present during church services in a church in East Joliet. The defendant appeals from his conviction citing errors in discovery and during the State's

closing argument. We affirm.

It is undisputed that on November 18, 1982, two men wearing stocking masks and carrying guns entered the church. After ordering the members of the congregation to lay on the floor, the men confiscated wallets and purses. Many of these wallets and purses were recovered from a trash bin next door to the defendant's residence.

At trial, the State presented the testimony of three victims who identified the defendant as one of the robbers. The State also presented the testimony of Lillian Carr, the daughter of one of the State's witnesses, who was acquainted with the defendant. Carr received a phone call from the defendant on the morning following the robbery.

. The defendant testified that he was at home with his wife and her family during the robbery. The defendant also presented the testimony of family members, all of whom testified that he was at home during the evening of the robbery.

The defendant raises three issues on appeal: (1) whether the court erred in denying a mistrial following Lillian Carr's testimony relating a statement made to her by the defendant which was not disclosed by the State in discovery; (2) whether the court erred in refusing to conduct an *in camera* inspection of the prosecutors' and police officers' notes; and (3) whether comments by the prosecutor during closing argument deprived the defendant of a fair trial.

During her testimony, Lillian Carr described a telephone conversation she had with the defendant. Carr testified that after she asked the defendant if he had seen her parents' car at the church, the defendant stated, "I didn't—I didn't see—I didn't do it." The State had provided the defendant with a summary of Carr's testimony regarding the phone conversation. That statement by the defendant was not included in the summary. When counsel for the defendant interviewed Carr, Carr did not disclose that the defendant made that particular statement. At the conclusion of Carr's testimony, the defendant requested that the trial court grant a mistrial or, in the alternative, strike all of Carr's testimony. The trial court denied the defendant's requests.

■ We find that the trial court did not err in denying the requests for mistrial and striking of Carr's testimony. Our finding rests on several factors. As noted by the trial court, the defendant's statement to Carr was ambiguous and not in the nature of an admission or confession. Counsel for the defendant had interviewed Carr fully regarding the content of her phone conversation. Finally, the particular statement complained of was a relatively inconsequential part of the

State's evidence and was not referred to again during the examination of the State's witnesses or during closing argument. We therefore find that the trial court did not err in denying the motion for mistrial or the motion to strike Carr's testimony.

■ As his second issue on appeal, the defendant argues that he was denied a fair trial as a result of the trial court's refusal to conduct an *in camera* inspection of all notes produced by the State's attorneys and the investigating police officers during the prosecution of the case. The defendant requested such an inspection after the State's attorneys represented to the court that all discoverable documents had been produced and that only the attorneys' work product had not been tendered. The trial court accepted the State's attorneys' declarations that all documents not tendered to the defendant were work product. The court refused to review those documents to determine if they were work product absent a showing by the defendant that discoverable documents were being withheld as work product. The defendant made no such showing.

We note first that the trial court did grant the defendant's motion as to notes made by the police officers. As to the notes of the State's attorneys, we find no error in the trial court's refusal to conduct an *in camera* inspection. An *in camera* inspection of documents is required if the State resists disclosure only when the defendant has made a specific demand for the documents and has made a preliminary showing of the document's pertinence to a witness' trial testimony. (*People v. Szabo* (1983), 94 Ill. 2d 327, 345, 447 N.E.2d 193, 201.) The trial court in the instant case properly stated that it would not conduct an *in camera* inspection unless the defendant could show that relevant notes were withheld. The defendant made no specific demands for documents or notes and no showing of the notes' pertinence. The trial court properly denied the defendant's request for an *in camera* inspection.

■ Finally, the defendant asserts that he was denied a fair trial as a result of the improper remarks made by the State's attorneys during closing argument. We have reviewed the remarks complained of and conclude that the remarks, several of which were not objected to at trial, were not improper. There was no reversible error in the State's attorneys' closing arguments.

The judgment of the circuit court of Will County is affirmed.

Affirmed.

ALLOY and SCOTT, JJ., concur.